August 10,<br>1876.} SIMPSON *v.* THE WINDHAM FARMERS' FIRE INSURANCE COMPANY.

*Insurance—Estoppel.*

The directors of an insurance company, whose duty it was, by its charter, in cases of injury by fire to property insured, to ascertain and determine the amount of loss or damage, voted to pay the plaintiff his full insurance on hay, and to give him the doors, windows, stair-railing, and all other articles saved from the fire, and to pay him besides $1,400. The plaintiff declined to accept, and thereafter the defendant company, in pursuance of a unanimous vote of the board of directors at a legal meeting, withdrew all offers they had made the plaintiff, and notified him thereof. The plaintiff brought his action, and recovered a verdict for less than the sum offered in money. *Held*, that the defendants were estopped from alleging that they had determined the amount of the plaintiff's loss according to the contract.

FROM ROCKINGHAM CIRCUIT COURT.

ASSUMPSIT, upon a policy of insurance, dated March 6, 1873. The insurance was upon the plaintiff's dwelling-house and L,   $1,666.00<br>
Upon his barn,   333.00<br>
And upon his hay,   132.00

$2,131.00

The constitution and by-laws, the application and policy, constituted the contract.

The 5th article of the constitution was as follows : " In case of any loss or damage by fire happening to any member upon property insured

in and with said company, the said member shall give notice thereof in writing to the secretary of said company within thirty days from the time such loss or damage may have happened, and the board, upon a view of the same, or in such other way as they may deem proper, shall ascertain and determine the amount of such loss or damage, and, if the party suffering is not satisfied with the determination of the board, the question may be submitted to referees, or the said party may bring an action against said company for said loss or damage, at any court to be holden in and for the county of Rockingham, within one year from the time of said loss or damage, and not afterwards; and if, upon trial of said action, a greater amount shall be recovered than the amount determined upon by the board, the party suffering shall have judgment therefor against said company, with interest thereon from the time said loss or damage happened, and costs of suit; but if no more shall be recovered than the amount aforesaid, the said party shall become nonsuit, and the said company shall recover their costs : Provided, however, that the judgment last mentioned shall in no wise affect the claim of said suffering party to the amount of loss or damage as determined by the board aforesaid. And provided, also, that the execution shall not issue on any judgment against said company until after the expiration of three months from the rendition thereof."

All the property thus insured was destroyed by fire October 23, 1873, except ten and a half windows and sash, fourteen doors, and some stair-railing, which was saved in a damaged condition.

The plaintiff seasonably gave the requisite notice of loss.

And on December 9, 1873, at a legal meeting, the board of directors of the defendant company voted to pay the plaintiff his full insurance on hay ($132), and to give him the doors, windows, stair-railing, and and all other articles saved from the fire, and to pay him besides $1,400. The plaintiff was, on said December 9, notified thereof, and declined to accept the offer.

On the 12th day of January, 1874, the defendant company, in pursuance of an unanimous vote of the board of directors at a legal meeting, withdrew all offers they had made the plaintiff, and notified him thereof.

The jury found a verdict for the plaintiff, and assessed his damages in the sum of $1,511, with interest from the date of the expiration of three months from the time of notice of loss. The defendants thereupon moved that the judgment to be recorded be as of nonsuit, with costs for the defendants. This motion the court *pro forma* denied, and the defendants excepted.

The question of law thus raised was reserved and transferred to the superior court by Foster, C. J., C. C.

*Bartlett* and *Small*, for the plaintiff.

*Hatch* and *Marston*, for the defendants.

CUSHING, C. J.   The writ and pleadings are not referred to as part of the case, and no question is raised in regard to the sufficiency of the declaration.   The only question is as to the judgment to be rendered.

I think in this case the defendants, after, by a unanimous vote of the corporation, withdrawing all overtures and propositions for a compromise, are estopped to say that they had determined the amount of damages.   When the defendants withdrew all their propositions of every kind, the plaintiff certainly had a right to act upon their withdrawal. Even supposing that the defendants, having once determined the amount, could not afterward annul that determination, still they might refuse to abide by it, and the plaintiff might thereupon bring his action against them for violating the contract.   If he had alleged in his declaration that the defendants had determined the amount, that might conclude him, but no objection is taken to the declaration.

LADD, J.   The vote of the directors, passed December 9, 1873, does not show that they ascertained and determined the amount of the plaintiff's loss, within the fair meaning of their constitution.   That they understood that vote to be just what it purports to be, namely, an offer of settlement rather than a *quasi* judicial determination of the amount of the loss, is most clearly shown by their vote of Jan. 12, 1874, whereby all " offers they had made the plaintiff" were expressly withdrawn.   For this reason I think the *pro forma* ruling of the circuit court, denying the nonsuit, was right.

SMITH, J.   The vote of December 9, 1873, was not an ascertainment and determination of the plaintiff's loss and damage, as contemplated by article 5 of the constitution of the company.   It was nothing more than an offer by the defendants to pay the plaintiff a certain sum in full satisfaction of his loss or damage.   It is clear the defendants so understood it at the time, for, at their meeting of December 14, 1873, the directors voted to refer the matter to referees, because of the refusal of the plaintiff to accept their offer.   And on January 17, following, they voted unanimously to withdraw all offers made to the plaintiff.

The 5th article provides that the insured shall give notice of any loss or damage within thirty days from the time it may happen ; and the directors, upon view, or in such other manner as they may deem proper, shall ascertain and determine the amount of such loss or damage.   The plaintiff seasonably gave the notice, and, after the unreasonable neglect of the defendants to ascertain and determine his loss or damage, could bring his suit to recover therefor.   No objection was taken at the trial that there was no averment in the declaration of such unreasonable neglect.   I think the exception must be overruled.

*Judgment on the verdict.*